# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **THOMAS WILLIAMS** )<br>**105 Lakeview Circle** )<br>**Amherst, Ohio 44001** )<br>)<br>) **JUDGE:**<br>**Plaintiff,** )<br>**v.** ) **COMPLAINT**<br>)<br>**MICHELLE HUNG, Individually and in** )<br>**her Official Capacity** ) **DEMAND FOR JURY TRIAL**<br>**226 Middle Avenue** )<br>**Elyria, Ohio 44035** )<br>)<br>**and** )<br>)<br>)<br>**MATT LUNDY Individually and in his** )<br>**Official Capacity** )<br>**226 Middle Avenue** )<br>**Elyria, Ohio 44035** )<br>)<br>**Defendants.** )<br>)<br>)<br>) | **CIVIL ACTION NO.** |

Now comes Plaintiff, by and through counsel, and for his complaint against Defendants Michelle Hung and Matt Lundy states and alleges as follows:

1. Plaintiff is a citizen of the United States and a resident of the State of Ohio and Lorain County.

2. Defendant Michelle Hung is a citizen of the United States and a resident of the State of Ohio and Lorain County.

3. Defendant Matt Lundy is a citizen of the United States and a resident of the State of Ohio and Lorain County.

4. Subject matter jurisdiction is founded on 28 U.S.C.1331.

5. Defendants are two of the three county commissioners of Lorain County, Ohio with its principal office in Elyria, Ohio.

6. Defendants are subject to the jurisdiction and venue of this Court.

7. On or about the fourth day of January 2021, the county commissioners hired Plaintiff as the county administrator. (See, attached resolution).

8. Lorain County employed Plaintiff from January 4, 2021, until August 18, 2021, when Defendants terminated Plaintiff's employment **without cause,** and which is substantiated by Defendants' vote to pay Plaintiff his severance package through a formal resolution which was later informally withdrawn illegally and without justification.

9. Defendants' true motive in terminating Plaintiff's employment was to retaliate against Plaintiff for the following reasons:

>  a. from June 16, 2021, through July 16, 2021, Defendant Hung confided in Plaintiff by texting and communicating with him regarding a sexual affair that she was having with Harry Williamson the 911 Director for Lorain County.
> 
> b. that not only did Defendant Hung meet Williamson at hotels but in addition sexual relations occurred in the county offices, specifically on Hung's county-owned desk.
> 
> c. that on July 18, 2021, Plaintiff contacted Dan Petticord, assisted county prosecutor for Lorain County, civil division.

d. that Plaintiff advised Petticord about the affair and his concern that Defendant Hung breached her statutory and county obligations to the citizens of Lorain County by engaging in an affair with the 911 Director while the county was looking into obtaining a contract for a new county-wide radio communication system as Williamson had a special relationship with one of the potential bidders;

e. that on July 19, 2021, Plaintiff met with Petticord and counsel for Lorain County and advised them of the relationship between Hung and Williamson and its impact on Hung's independent judgment as county commissioner as this was a matter of great public concern;

f. Defendant Lundy was advised by Plaintiff on numerous occasions that he was creating a hostile work environment;

g. that there is a temporal relationship between the timing of the meeting with Petticord and Plaintiff's termination;

h. that following a call for her to resign on August 17, 2021 Defendant stated, "With all due respect, the GOP is out of line. They have no say in my private life or for that matter with any decision I make as a Lorain County commissioner. Let me be clear… I am not resigning and **anyone who has actively been part of this political stunt will have to consider the consequences**."; and

i. **the next day Plaintiff was terminated**.

10. The communications with Petticord which were ultimately transmitted to the Defendants are protected by the First Amendment of the United States Constitution to such extent that Defendants in voting to terminate Plaintiff's employment violated clearly established Federal

3

law in direct violation of 42 U.S.C. 1983 for retaliating against Plaintiff's First Amendment rights and Ohio law on public policy grounds.

11. Plaintiff did not stand to obtain any personal gain from promoting the investigation of Defendant Hung but instead spoke out for the greater public concern.

12. As a result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer an ongoing loss of pay and benefits as well as emotional pain, suffering, inconvenience, mental anguish and/or loss of enjoyment of life for which Defendant's are answerable in damages.

13. Finally, Defendants agreed to pay Plaintiff in full and final settlement of his claims the amount of $450,000 and reneged the next day.

**WHEREFORE**, Plaintiff prays as follows:

a. From Defendants in their individual and/or official capacities:
   1. Reinstatement to the position of county administrator;
   2. Reasonable attorney fees; and
   3. Such other relief as the Court deems appropriate.
b. From Defendants in their individual capacities only:
   1. Backpay in amount to be proven at trial;
   2. Front pay in an amount to be proven a trial;
   3. Compensatory damages in an amount to be proven at trial;
   4. Punitive damages;
   5. Prejudgment interest.

Respectfully submitted,

/s/ William J. Novak
WILLIAM J. NOVAK (0014029)
**NOVAK, LLP**
PO Box 1228
Bath, Ohio 44210
Telephone: (216) 781-8700
Facsimile: (216) 781-9227
Emails: william@novak-law.com

*Attorney for Plaintiff*

## **JURY DEMAND**

A jury is hereby demanded for all issues.

/s/ William J. Novak
WILLIAM J. NOVAK (0014029)

JOURNAL ENTRY

In the matter of authorizing personnel action regarding)
the hiring and employment of Thomas E. Williams, Jr. )      January 4, 2021
as County Administrator within the Jurisdiction of the )
Lorain County Board of Commissioners            )

Commissioner Hung moved, seconded by Moore. Clerk called for discussion.

Commissioner Lundy said he wanted to point out that he is looking forward to working with Mr. Williams, new Lorain County Administrator. He said Tom runs a very competitive campaign and knows they got to know each other quit well and does respect Tom and looking forward to working with Tom, but will point out he made it very clear that he had and will not support anymore severance packages and know that became a controversy item recently and cannot support a severance package. This has nothing to do personally with Tom but he has an issue with a severance package including in her and look forward to working with you and will work well together

Commissioner Moore said in his opinion severance package is this, you supported paying Jim Cordes and that he talked with a lot, so many lawyers and in opinions given by Prosecutor, previous county prosecutor was inaccurate and have not found 1 lawyer to agree with reason why they wrote that check and it was voted on. All he knows it was done and can't reverse that decision, thank you.

Following resolution was adopted:

RESOLUTION NO. 21-13

In the matter of authorizing personnel action regarding)
the hiring and employment of Thomas E. Williams, Jr. )      January 4, 2021
as County Administrator within the Jurisdiction of the )
Lorain County Board of Commissioners            )

BE IT RESOLVED that the Lorain County Board of Commissioners authorizes the hiring and employment of Thomas E. Williams, Jr. ("Mr. Williams" or "Administrator") as County Administrator, effective January 4, 2021.

BE IT FURTHER RESOLVED that Mr. Williams shall be employed as County Administrator subject to the following conditions:

1. That the position of County Administrator shall be a full-time exempt position;

2. That the initial term of Mr. Williams' employment shall be for a period of four (4) years ("the initial term");

3. That Mr. Williams shall serve at all times as an "at-will" employee in his capacity as County Administrator, which means that either Mr. Williams or the County may end the employment relationship for any time and for any reason;

4. That, in consideration for performing his duties and responsibilities as County Administrator, Mr. Williams' base salary shall be no less than $149,900.00, less applicable statutory deductions;

5. That Mr. Williams shall be entitled to no less than 4 weeks of vacation per calendar year with 2 weeks of vacation in calendar year 2021 available as of January 4, 2021 and the remaining 2 weeks of vacation for calendar year 2021 available for use provided that Mr. Williams has served 4 consecutive weeks in his position as County Administrator. Except for the provisions set forth in this paragraph, Mr. Williams' use of any vacation pay shall be governed by the Personnel Policy Manual for the Lorain County Board of Commissioners;

6. That should Mr. Williams' employment be terminated by the County prior to the completion of the initial term for any reason other than "Cause" as defined by this Resolution, Mr. Williams shall be entitled to a severance payment in an amount equal to the equivalent of eighteen (18) months of Mr. Williams' base salary at the time of the termination of his employment, minus applicable statutory deductions. Payment of any severance to Mr. Williams shall be made in one lump sum within thirty (30) days from the date Mr. Williams executes a release of claims as referenced in this paragraph, provided that Mr. Williams does not revoke the agreement following his execution of the release. For purposes of this Resolution, "Cause" shall mean the occurrence of one or more of the following events: (a) Administrator's arrest for a felony or of any crime involving moral turpitude; (b) Administrator's engaging in any fraudulent or dishonest conduct in his dealings with, or on behalf of, the County (or its affiliates); (c) Administrator's misuse of alcohol or drugs which interferes with Administrator's performance of his employment duties as determined by the County. Eligibility for the severance pay identified in this paragraph shall be contingent on Administrator's execution and non-revocation of a release of all claims as determined by the County. Severance will not be subject to an offset for compensation Mr. Williams may receive from a new employer.

Motion by Hung seconded by Moore to adopt Resolution. Upon roll call the vote taken thereon, resulted as: Ayes: Hung & Moore / Nays: Lundy

Motion carried.                    _____(discussion was held on the above)