**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THOMAS WILLIAMS,** | ) | **CASE NO. 1:21CV1863** |
| | ) | |
| **Plaintiff,** | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| **vs.** | ) | |
| | ) | **OPINION AND ORDER** |
| **MICHELLE HUNG, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the Motion (ECF DKT #24) of Defendants to Enforce Settlement Agreement. For the following reasons, the Motion is denied.

## I. BACKGROUND

The above-captioned case was filed on September 30, 2021, by Thomas Williams, former Lorain County Administrator, and against Michelle Hung and Matthew Lundy, two Lorain County Commissioners. Plaintiff alleged Breach of his Severance Agreement; Retaliation for exercising his First Amendment Right to Free Speech; and Breach of a Settlement Agreement.

On May 16, 2022, the Court conducted a Settlement Conference and the case was

resolved.  On May 17, 2022, the Court docketed the following Order (ECF DKT #20):

> Following the Settlement Conference conducted on May 16, 2022, the parties reached a settlement of all claims, subject to the public approval process. Therefore, it is not necessary the action remain on the calendar of the Court.
>
> IT IS ORDERED this action is closed. It shall be marked settled and dismissed, with prejudice, each party to bear its own costs. The Court shall retain jurisdiction to (1) vacate this Order and reopen the action upon cause shown that settlement has not been completed and further litigation is necessary or (2) alter the terms of settlement and dismissal upon agreement of the parties.

The parties subsequently executed a Release and Settlement Agreement.  Plaintiff signed on May 23, 2022, and Defendant Lundy signed on behalf of the County on May 25, 2022.  Further, Plaintiff's counsel accepted a check in the full agreed settlement amount of $450,000.00 on June 20, 2022.  In consideration of that payment, Plaintiff fully, finally and completely released Defendants Lorain County and the Lorain County Commissioners from:

> Any and all claims, demands, rights and causes of action of whatever kind and nature, of any kind or description, in law or in equity, whether or not well-founded in law or in fact, and demands of every kind and description, including, but not limited to, attorneys' fees, whether known or unknown, which Releasors now have or may have had, or which Releasors hereafter can, shall or may have for, upon, or by reason of the cause or anything whatsoever to the date hereof against Releasees.

Nearly six months later, on November 21, 2022, Plaintiff filed suit in Cuyahoga County Common Pleas Court against Michelle Hung, in her official and individual capacities; Harry Williamson; and Brian Bardwell.  Plaintiff's State Complaint alleges: Civil Abuse of Process; Civil Recovery for Criminal Acts based upon Ohio Revised Code 2307.60; Civil Conspiracy; and Negligence.

On December 13, 2022, Defendants Hung and Lundy filed the instant Motion to

Enforce Settlement Agreement (ECF DKT #24). Defendants argue that, through the Release and Settlement Agreement, Plaintiff released any and all claims he had or may have had at the time the Agreement was executed. Defendants contend that the claims asserted against Defendant Hung in the Cuyahoga County Complaint were released; and therefore, Plaintiff is in breach of the Settlement Agreement. Defendants seek an order from this Court directing Plaintiff to dismiss the claims against Defendant Hung in the Cuyahoga County action with prejudice or face appropriate sanctions.

## II. LAW AND ANALYSIS

Enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).

Yet, a district court may establish its jurisdiction to enforce a settlement in one of two ways: (1) by expressly including a provision retaining jurisdiction in the order of dismissal; or (2) by incorporating the terms of the settlement agreement in the order. *Kokkonen*, 511 U.S. at 381; *Re/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 641-642 (6th Cir. 2001).

By the clear language of the dismissal entry (ECF DKT #20), the Court did not incorporate the terms of the parties' Release and Settlement Agreement. It could not have, since the Agreement was executed more than a week later.

Furthermore, the Court retained jurisdiction for the limited purposes of reopening if settlement was not completed and further litigation was necessary, or to alter the terms of settlement and dismissal upon agreement of the parties. Neither one of these situations exists. Defendants base their request for enforcement on the fact that the settlement *was* final and

complete; and Plaintiff acknowledges that "the settlement was effectuated." In addition, neither Defendants nor Plaintiff ask the Court to change or amend the terms of the Release. There is certainly no "agreement" to do so.

Upon review of the Cuyahoga County docket, the Court notes, in addition, that Defendant Hung has filed a motion to dismiss for the State Court Judge's consideration based upon the Release.

If this Court had wanted to retain jurisdiction to enforce the parties' Agreement, it could easily have included that language. In *Kokkonen*, Justice Scalia explained that as courts of limited jurisdiction, federal district courts do not possess the inherent power to vindicate their own authority where parties enter into a voluntary agreement resolving their federal lawsuit. *Id*. at 376–77. The Court declines to expand its jurisdiction to enforce the Release and Settlement Agreement beyond the plain meaning of its May 17, 2022 Order.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #24) of Defendants Michelle Hung and Matthew Lundy to Enforce Settlement Agreement is denied.

**IT IS SO ORDERED.**

**DATE: February 21, 2023**

 **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**