UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS WILLIAMS, | ) | CASE NO. 1:21CV1863 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MICHELLE HUNG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #30) of Plaintiff Thomas Williams for Sanctions against Defendant Michelle Hung. Plaintiff contends that Defendant Hung committed perjury during her April 29, 2022 deposition in the captioned closed case; and used attorney-client and executive privilege as a shield, while conspiring and providing that privileged information to Non-Party Harry Williamson for purposes of "extortionary and sham" litigation. For the following reasons, the Motion is denied.

**I. BACKGROUND**

On September 30, 2021, Plaintiff, a former Lorain County Administrator, filed the above- captioned suit against Defendant Hung and Defendant Matthew Lundy, two

Lorain County Commissioners. Plaintiff alleged Breach of his Severance Agreement; Retaliation for exercising his First Amendment Right to Free Speech; and Breach of a Settlement Agreement.

Following the depositions of Defendants Hung and Lundy on April 29, 2022, the parties submitted a joint status report concerning their discovery dispute over attorney-client privilege. Counsel attended a conference before Magistrate Judge Jonathan D. Greenberg. When the dispute could not be resolved, Magistrate Judge Greenberg ordered Plaintiff to file a motion to compel by May 19, 2022. A motion was never filed.

Rather, the Court conducted a Settlement Conference on May 16, 2022; and the case was resolved. On May 17, 2022, the Court docketed the following Order (ECF DKT #20):

> Following the Settlement Conference conducted on May 16, 2022, the parties reached a settlement of all claims, subject to the public approval process. Therefore, it is not necessary the action remain on the calendar of the Court.
> IT IS ORDERED this action is closed. It shall be marked settled and dismissed, with prejudice, each party to bear its own costs. The Court shall retain jurisdiction to (1) vacate this Order and reopen the action upon cause shown that settlement has not been completed and further litigation is necessary or (2) alter the terms of settlement and dismissal upon agreement of the parties.

The parties subsequently executed a Release and Settlement Agreement. Plaintiff signed the Agreement on May 23, 2022; and Defendant Lundy signed on behalf of the County on May 25, 2022. Further, Plaintiff's counsel accepted a check in the full agreed settlement amount of $450,000.00 on June 20, 2022. In consideration of that payment, Plaintiff fully, finally and completely released Defendants Lorain County and the Lorain County Commissioners from:

> Any and all claims, demands, rights and causes of action of whatever kind and nature, of any kind or description, in law or in equity, whether or not well-founded in law or in fact, and demands of every kind and description, including, but not limited to, attorneys' fees, whether known or unknown, which Releasors now have or may have had, or which Releasors hereafter can, shall or may have for, upon, or by reason of the cause or anything whatsoever to the date hereof against Releasees.

Nearly six months later, on November 21, 2022, Plaintiff filed suit in Cuyahoga County Common Pleas Court against Michelle Hung, in her official and individual capacities; Harry Williamson; and Brian Bardwell. Plaintiff's State Complaint alleges: Civil Abuse of Process; Civil Recovery for Criminal Acts based upon Ohio Revised Code 2307.60; Civil Conspiracy; and Negligence. That action remains pending.

Plaintiff filed the instant Motion for Sanctions on September 5, 2023. Plaintiff cites Federal Rules of Civil Procedure 16(f), 26(g), 37(b) and 37(c), as well as the District Court's inherent sanction power as authority for his Motion.

## II. ANALYSIS

Upon review of the language of the parties' Release and Settlement Agreement, the Court finds that the Release is extremely broad and encompasses all claims, rights and causes of action Plaintiff Williams may have had or may have against Defendant Hung and the other Lorain County Commissioners, whether known or unknown at the time he executed the document and accepted the monetary settlement. No party to the Release and Settlement Agreement has questioned its validity or finality. The above-captioned matter is closed and there is no justification for issuing the sanctions Plaintiff requests.

In addition, the Court has examined the Cuyahoga County Common Pleas Court

Docket; and the case of *Thomas Williams v. Michelle Hung, et al.*, Case No. CV 22-971623 is active. Among other allegations in that case, Williams claims that Hung made false misrepresentations under oath at her deposition in federal court and unlawfully asserted the attorney-client and executive session privileges to conceal fraud and conspire to pursue a sham state court lawsuit. This Court finds that Plaintiff Williams has an adequate avenue for relief in Cuyahoga County Common Pleas Court. This Court will not interfere with the state court tribunal and Plaintiff is not entitled to pursue duplicate damages for the same conduct.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #30) of Plaintiff Thomas Williams for Sanctions against Defendant Michelle Hung is denied.

**IT IS SO ORDERED.**

**DATE: October 24, 2023**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**